IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LINCOLN HILLS and LINCOLN PROPERTY COMPANY, | : : | |
| Plaintiffs, | : : | CIVIL ACTION FILE NO. 1:13-CV-4169-TWT-WEJ |
| v. | : : | |
| ZSASIA MCCRAY *and All Other Occupants*, | : : | |
| Defendant pro se. | : : | |

**ORDER AND**
**FINAL REPORT AND RECOMMENDATION**

Defendant pro se, Zsasia McCray, is facing dispossessory proceedings in the Magistrate Court of Cobb County, Georgia. (See Pet. for Removal [1-1] & Attach.) In an apparent effort to forestall those proceedings, on December 17, 2013, Ms. McCray filed in this Court a Petition for Removal with a Federal Stay of Eviction Pursuant to 28 U.S.C. § 1446(d), and an Application to Proceed in District Court Without Prepaying Fees or Costs [1].

The Court may grant Ms. McCray leave to proceed in forma pauperis only if it appears from her financial affidavit that she "is unable to pay" the filing fee. 28 U.S.C. § 1915(a)(1). "When considering a motion filed pursuant to § 1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the

affidavit satisfy the requirement of poverty.'" Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (quoting Watson v. Ault, 525 F.2d 886, 891 (11th Cir. 1976)). The Court has broad discretion to grant or deny an application to proceed IFP. Id. at 1306. A review of Ms. McCray's financial affidavit reveals that she is incapable of paying the filing fee. Accordingly, the Court **GRANTS** Ms. McCray's request to proceed in forma pauperis [1]. However, the Court is compelled to remand any action which had been improperly removed; therefore, the Court examines this case to determine if removal is proper.

    Attached to the Petition for Removal is a Proceeding Against Tenant Holding Over [1-1] issued by the Magistrate Court of Cobb County. In the Petition for Removal, the defendant indicates that she is a resident of Marietta, Georgia, and alleges that the dispossessory proceeding violated the Due Process Clause of the Fourteenth Amendment, 15 U.S.C. § 1692 et seq. (the Fair Debt Collection Practices Act), O.C.G.A. § 51-1-6, 28 U.S.C. § 136, 28 U.S.C. § 1367, 28 U.S.C. § 1446(d), and Rule 60 of the Federal Rules of Civil Procedure. (See Pet. for Removal 1 & ¶¶ 1-2, 4-5.) She seeks a stay of eviction proceedings and any other relief the Court deems just and proper. (Id. at 3.)

    A party who removes a state court case to federal district court pursuant to 28 U.S.C. § 1441 must prove that the court possesses "original jurisdiction." McNutt v.

Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936).  Moreover, removal jurisdiction is construed narrowly, with all doubts resolved in favor of remand.  See Pacheco de Perez v. AT & T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  The removing party has the burden of demonstrating the propriety of removal, Diaz v. Shepard, 85 F.3d 1502, 1505 (11th Cir. 1996), and federal courts have an obligation to dismiss an action sua sponte if subject matter jurisdiction is lacking, Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1240 (11th Cir. 2003).

Original jurisdiction arises if there is diversity of parties or a federal question.  28 U.S.C. § 1441(a)-(b).  However, § 1441(b)(2) bars removal on the basis of diversity if the "defendant[] is a citizen of the State in which [the] action is brought."  Id. § 1441(b).  Likewise, unless a "substantial" federal question is presented on the face of the state court complaint, the case does not arise under federal law.  Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998); Kemp v. Int'l Bus. Machs. Corp., 109 F.3d 708, 712 (11th Cir. 1997).  Neither a defendant's answer nor a notice of removal may be used to establish federal question jurisdiction.  Gully v. First Nat'l Bank, 299 U.S. 109, 113 (1936); Buice v. Buford Broad., Inc., 553 F. Supp. 388, 389 (N.D. Ga. 1983).

As a resident of Marietta, it appears that defendant is a Georgia citizen; thus, the Court does not have diversity jurisdiction over this Cobb County dispossessory

action.  Likewise, the state court dispossessory order indicates no federal question; rather it appears that defendant is attempting to invoke federal question jurisdiction on the basis of a federal defense or counterclaim.  However, a defense to a civil action does not provide a basis for removal.  See Vaden v. Discover Bank, 556 U.S. 49, 62 (2009) ("[C]ounterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); Arkansas v. Kan. & Tex. Coal Co., 183 U.S. 185, 188 (1901) ("[J]urisdiction is not conferred by allegations that defendant intends to assert a defense based on the Constitution or a law or treaty of the United States . . . .").  Thus, under the "well-pleaded complaint" rule, defendant has failed to demonstrate that the Court has subject matter jurisdiction over plaintiff's claim.  Accordingly, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Cobb County pursuant to 28 U.S.C. § 1447(c).

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**SO ORDERED AND RECOMMENDED**, this 3rd day of January, 2014.


_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE